UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONELL WILSON,<br><br>   Petitioner,<br><br>   v.<br><br>MICHAEL BABCOCK,<br><br>   Respondent. | No.  2:13-cv-2593 CKD P<br><br><br><br>ORDER |

I. Introduction

     Petitioner is a federal prisoner proceeding pro se and in forma pauperis.  Both parties have consented to proceed before the undersigned magistrate judge for all purposes. (ECF Nos. 4 & 5.) Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the Bureau of Prisons ("BOP") improperly calculated his federal sentence with respect to Good Conduct Time ("GCT").  (ECF No. 1.)  Respondent has filed an answer (ECF No. 12), and petitioner has filed a traverse and an addendum to the traverse.  (ECF Nos. 13 & 14.)  For the reasons set forth below, the undersigned will deny the petition.

II. Jurisdiction

     Under 28 U.S.C. § 2241, habeas corpus relief is available to a federal prisoner in custody under the authority of the United States if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1) & (3).  While a

1

federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").  Under § 2241, a habeas corpus petition must be brought in the judicial district of the petitioner's custodian.  See id. at 865.

### III.  Venue

Venue was proper in this district when this action was filed because petitioner was incarcerated at Federal Correctional Institution–Herlong at the time.  Petitioner has since been transferred to the U.S. Penitentiary–Lompoc, which is in the Central District of California.  However, this court continues to exercise jurisdiction over this action, notwithstanding petitioner's transfer.  See Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990)("'[J]urisdiction attaches on the initial filing for habeas corpus relief, and is not destroyed by a transfer of the petitioner and the accompanying custodial change.") (internal quotation marks and citations omitted).

### IV.  Proper Respondent

In light of petitioner's transfer to USP–Lompoc, the Warden of USP–Lompoc, Jack Fox, is substituted as respondent in this matter.  See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

### V.  Factual and Procedural Background

Petitioner is currently serving a 264-month federal prison sentence after pleading guilty to armed bank robbery, possession of a firearm by a convicted felon, and using a firearm during a crime of violence.  (ECF No. 12-1, Ex. 1 at ¶¶ 5-6[1], Attachment 4.)

---

[1] ECF No. 12-1, Ex. 1 is the declaration of Patricia Kitka, employed by the BOP as a Correctional Programs Specialist at the Designation and Sentence Computation Center.  Ms. Kitka provided

On August 4, 2007, petitioner, who was on federal supervised release, was arrested and charged with bank robbery in the Champaign County (Illinois) Circuit Court. (ECF No. 12-1 at ¶3.) On August 6, 2007, the State of Illinois dismissed the case in lieu of federal prosecution. (Id. at ¶ 4.)

On August 6, 2007, the U.S. Marshals Service took custody of petitioner on a federal criminal complaint. (Id. at ¶ 5.) On May 8, 2008, petitioner pleaded guilty to three counts and was sentenced to an aggregate term of imprisonment of 264 months (22 years) on the bank robbery and firearms charges. (Id. at ¶ 6, Attachment 4.) The court added an additional 12-month sentence for petitioner's supervised release violation, to be served consecutively. (Id., Attachment 5.)

The BOP determined that petitioner's sentence began on May 8, 2008. (Id. at ¶ 7.) Petitioner was credited with time served back to his initial arrest on August 4, 2007. (Id. at ¶ 8.) When his sentence was initially computed, petitioner was projected to earn 1035 days of GCT, from the date of his arrest (August 4, 2007), until release via GCT on October 2, 2026. (Id. at ¶ 9, Attachment 8.) Since that time, petitioner forfeited 75 days of GCT by incurring disciplinary violations. (Id. at ¶¶ 9-12.) As a result, his GCT release date was updated to December 7, 2026, where it is currently set. (Id. at ¶ 12.)

Respondent concedes that petitioner has exhausted available administrative remedies as to his claim that the BOP improperly calculated his release date. (ECF No. 12 at 3; see ECF No. 12-1, Ex. 2 at ¶3.[2])

VI. Discussion

Petitioner argues that the BOP failed to properly credit him with 278 days of presentence custody credit. (ECF No. 1 ("Ptn.") at 3.) Based on his alternative calculation of GCT, he contends that his projected release date from his 264-month sentence should be July 9, 2026, four

---

copies of records pertinent to the calculation of petitioner's sentence, and audited the sentence computation for petitioner. (ECF No. 12-1 at 2.)

[2] ECF No. 12-1, Ex. 2 is the declaration of Jennifer Vickers, employed by the BOP as a Paralegal Specialist. She has reviewed petitioner's administrative appeals of his GTC calculation and attaches relevant records.

3

months before the December 7, 2026 release date projected by the BOP.³ (Id. at 3, 11.) In his traverse, petitioner revises his position to assert that he should be released on March 13, 2026 (ECF No. 13 at 7), and in a supplemental traverse, he contends that his lawful release date should be October 12, 2025 (ECF No. 14 at 1).

A. Legal Standard

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises this authority through the BOP. United States v. Wilson, 503 U.S. 329, 334–35 (1992). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." United States v. Smith, 812 F.Supp. 368, 370 (E.D.N.Y. 1993). A federal sentence commences "on the date the defendant is received in custody . . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In this regard, the Ninth Circuit has joined other circuits in noting that

> courts have interpreted § 3585(a) to mean that a federal sentence cannot begin before the defendant has been sentenced in federal court. See United States v. Gonzalez, 192 F.3d 350, 355 (2d Cir.1999) (holding that a district court cannot "backdate" a federal sentence to the beginning of a state prison term on related state charges.); United States v. Flores, 616 F.2d 840, 841 (5th Cir.1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")

Schleining v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011).

The statute governing credits and the calculation of a federal term of imprisonment provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or

---

³ Petitioner does not challenge his loss of 75 days' GCT for disciplinary sanctions. (See Ptn. at 9, n.1.)

4

>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>   that has not been credited against another sentence.

18 U.S.C. § 3585(b); see ECF No. 12-1, Ex. 1 at ¶ 8.

Federal prison authorities may also award prisoners credit against prison time as a reward for good behavior. 18 U.S.C. § 3624(b). A federal sentencing statute provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term .... [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

§ 3624(b)(1); see Barber v. Thomas, 560 U.S. 474, 476-477 (2010).

B. Analysis

Petitioner points out that, prior to being sentenced for his federal offenses on May 8, 2008, he served 278 days (August 4, 2007 through May 7, 2008) in presentence detention. (Ptn. at 27.) He acknowledges that, at sentencing, he was credited with the 278 days in presentence detention. (Id.; see ECF No. 12-1, Ex. 1 at ¶ 8 ("Petitioner was eligible to be credited with all time between the date of his sentence, May 8, 2008 and the date of his arrest, August 4, 2007.")

Petitioner argues that this 278 days should also be factored in to his GCT calculation, such that the first day of his federal sentence was August 4, 2007. (Ptn. at 27-30.) Respondent counters that petitioner's "alternative calculation scheme goes off track when [he] starts the execution clock on his sentence using August 4, 2007. By doing so, Petitioner has double counted[] . . . [by] counting those 278 days twice – once in the 'good conduct time' calculation and once more in the execution portion of his sentence." (ECF No. 12 at 8.) See Schleining, 642 F.3d at 1248 ("Because a prisoner can receive GCT only on time served on his federal sentence, and his federal sentence does not 'commence' until after he has been sentenced in federal court, [petitioner] is not eligible for GCT for the 21 months he spent in state custody . . . before imposition of his federal sentence.")

////

5

1    In his traverse, petitioner argues that the BOP has not awarded him his 278 days of
2    presentence credit. (ECF No. 13 at 6.) Thus, he argues, his "true release date . . . should be
3    March 13, 2026." (Id. at 9.)
4    Having audited petitioner's sentence calculation, Ms. Kitka declares under penalty of
5    perjury that it was computed "in accordance with BOP policy and federal law." (ECF No. 12-1,
6    Ex. 1 at ¶¶ 2, 8-9, 14-17.) The undersigned concludes that petitioner has not shown any error in
7    the BOP's calculation of the credits he is owed. Nor has he established any violation of federal
8    law with respect to his sentence. Accordingly, habeas relief under §2241 is not warranted.
9    Accordingly, IT IS HEREBY ORDERED that:
10   1. The Clerk of Court is directed to substitute Jack Fox as respondent in this action; and
11   2. The petition (ECF No. 1) is denied.
12   Dated: June 26, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE